**BARSHAY, RIZZO & LOPEZ, PLLC**
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
*Attorneys for Plaintiff*
Our File No.: BRL21251

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK
## CENTRAL ISLIP DIVISION

| | |
|---|---|
| Mercedes Ramos, individually and on behalf of all others similarly situated, | Case No: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | JURY TRIAL DEMANDED |
| Affiliate Asset Solutions, LLC and Pendrick Capital Partners II, LLC, | |
| Defendants. | |

Plaintiff Mercedes Ramos, individually and on behalf of all others similarly situated, by and through the undersigned counsel, complains, states, and alleges against defendants Affiliate Asset Solutions, LLC and Pendrick Capital Partners II, LLC as follows:

### INTRODUCTION

1.      This is an action to recover damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

### JURISDICTION AND VENUE

2.      This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337 and 15 U.S.C. § 1692k(d).   The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. §1367.

1

3.      This court has jurisdiction over defendants Affiliate Asset Solutions, LLC and Pendrick Capital Partners II, LLC because they regularly conduct and transact business in this state, and the conduct complained of herein occurred in this Judicial District.

4.      Venue is proper in this Judicial District under 28 U.S.C. § 1391(b) because a substantial part of the conduct complained of herein occurred in this Judicial District.

## PARTIES

5.      Plaintiff Mercedes Ramos ("Plaintiff") is a natural person who is a citizen of the State of New York residing in Suffolk County, New York.

6.      Plaintiff is a "consumer" as that term defined by 15 U.S.C. § 1692a(3).

7.      Defendant Affiliate Asset Solutions, LLC ("Affiliate") is a company existing under the laws of the State of Georgia, with its principal place of business in Peachtree Corners, Georgia.

8.      Affiliate has transacted business within this state as is more fully set forth hereinafter in this Complaint.

9.      Affiliate regularly collects or attempts to collect debts asserted to be owed to others.

10.     Affiliate is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11.     The principal purpose of Affiliate's business is the collection of such debts.

12.     Affiliate uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

13.     Affiliate is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14.     Defendant Pendrick Capital Partners II, LLC ("Pendrick") is a company existing under the laws of the State of New York, with its principal place of business in Glens Falls, New York.

15.     Pendrick has transacted business within this state as is more fully set forth

hereinafter in this Complaint.

16.     Pendrick regularly collects or attempts to collect debts asserted to be owed to others.

17.     Pendrick is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

18.     The principal purpose of Pendrick's business is the collection of such debts.

19.     Pendrick uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

20.     Pendrick is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

21.     The acts of Defendants as described in this Complaint were performed by Defendants or on Defendants' behalf by their owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to Defendants in this Complaint shall mean Defendants or their owners, officers, agents, and/or employees.

## FACTUAL ALLEGATIONS

22.     On or about May 28, 2018, Plaintiff received medical services from Emp of Suffolk County PLLC.

23.     At the time of receipt of the medical services, Plaintiff had health insurance under a Health Maintenance Organization ("HMO") through Health First.

24.     At the time of the receipt of the medical services, Plaintiff provided the insurance information to the medical facility.

25.     Upon information and belief, Plaintiff also documented the insurance details in the intake papers at the medical facility.

26.     The medical facility nevertheless billed Plaintiff $146.83 ("the alleged Debt").

27.     New York State law forbids the billing of any unpaid balance directly to a patient who is covered by an HMO.

28.     The alleged Debt represents such unlawful billing.

29.     At an exact time known only to Defendants, Pendrick decided to hire Affiliate to attempt to collect the alleged Debt on Pendrick's behalf.

30.     As part of its utilization of Affiliate, Pendrick conveyed information regarding the alleged Debt to Affiliate.

31.     The information conveyed by Pendrick to Affiliate included Plaintiff's status as a debtor, the precise amount of the alleged Debt, the account number, the entity to which Plaintiff allegedly owed the debt, and the fact that the alleged Debt concerned Plaintiff's medical treatment, among other things.

32.     Pendrick's conveyance of the information regarding the alleged Debt to Affiliate is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

33.     At the time the alleged Debt was assigned or otherwise transferred to Affiliate for collection, the alleged Debt was in default.

34.     In its efforts to collect the alleged Debt, Affiliate decided to contact Plaintiff by written correspondence.

35.     Rather than preparing and mailing such written correspondence to Plaintiff on its own, Affiliate decided to utilize a third-party vendor to perform such activities on its behalf.

36.     As part of its utilization of the third-party vendor, Affiliate conveyed information regarding the alleged Debts to the third-party vendors by electronic means.

37.     The information conveyed by Affiliate to the third-party vendor included Plaintiff's status as a debtor, the precise amount of the alleged Debt, the account number, the entity to which Plaintiff allegedly owed the debt, and the fact that the alleged Debt concerned Plaintiff's medical treatment, among other things.

38.     Affiliate's conveyance of the information regarding the alleged Debt to the third-party vendor is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

39.     The third-party vendor then populated some or all this information into a prewritten template, printed, and mailed the correspondence to Plaintiff at Defendants' direction.

40.     That correspondence, dated August 10, 2020, was received, and read by Plaintiff. (A true and accurate copy of that correspondence (the "Letter") is annexed hereto as "**Exhibit 1.**")

41.     The Letter, which conveyed information about the alleged Debt, is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

42.     15 U.S.C. § 1692e protects Plaintiff's concrete interests and rights.

43.     Plaintiff has the interest and right to be free from collection efforts on debts Plaintiff does not owe.

44.     Plaintiff has the interest and right to be free from unwarranted threats to Plaintiff's credit rating.

45.     Plaintiff has the interest and right to be free from the fear of being sued on debts Plaintiff does not owe.

46.     Plaintiff has the interest and right to be free from deceptive and/or misleading communications from debt collectors, including Defendant.

47.     As set forth herein, Defendants deprived Plaintiff of these rights.

48.     Plaintiff's injury is "particularized" and "actual" in that the conduct that deprived

Plaintiff of his rights was directed by Defendants to Plaintiff specifically.

49.     Plaintiff's injury is directly traceable to Defendants' conduct because Defendants initiated the communications, and but for Defendants' conduct, Plaintiff would not have been deprived of his rights.

50.     Plaintiff has been misled by Defendants' conduct.

51.     Defendants' conduct as described in this Complaint was willful, with the purpose to either harm Plaintiff or with reckless disregard for the harm to Plaintiff that could result from Defendants' conduct.

52.     Plaintiff justifiably fears that, absent this Court's intervention, Defendants will continue to use abusive, deceptive, unfair, and unlawful means in their attempts to collect the alleged Debt and other alleged debts.

53.     Plaintiff justifiably fears that, absent this Court's intervention, Defendants will ultimately cause Plaintiff unwarranted economic harm.

54.     Plaintiff justifiably fears that, absent this Court's intervention, Defendants will ultimately cause Plaintiff unwarranted harm to Plaintiff's credit rating.

55.     Plaintiff justifiably fears that, absent this Court's intervention, Defendants will ultimately cause Plaintiff to be sued for a debt Plaintiff does not owe.

56.     As a result of Defendants' conduct, Plaintiff wasted time, was caused to be confused and unsure as to Plaintiff's rights, and ultimately sought counsel and advice causing Plaintiff the risk of incurring damages including reasonable attorneys' fees in reviewing Plaintiff's rights under the law and prosecuting this claim.

57.     As a result of Defendants' conduct, Plaintiff's counsel was caused to expend time, energy, and money to investigate Plaintiff's rights under the law and the legitimacy of the alleged Debt.

58.     The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

59.     A favorable decision herein would redress Plaintiff's injury with money damages.

60.     A favorable decision herein would serve to deter Defendants from further similar conduct.

**<u>FIRST COUNT</u>**
**As to Pendrick**
**<u>Violation of 15 U.S.C. § 1692c(b) and § 1692f</u>**

61.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

62.     15 U.S.C. § 1692c(b) provides that, subject to several exceptions not applicable here, "a debt collector may not communicate, in connection with the collection of any debt," with anyone other than the consumer "without the prior consent of the consumer given directly to the debt collector."

63.     Affiliate does not fall within any of the exceptions provided for in 15 U.S.C. § 1692c(b).

64.     Plaintiff never consented to Pendrick's communication with Affiliate concerning the alleged Debt.

65.     Plaintiff never consented to Pendrick's communication with Affiliate concerning Plaintiff's personal and/or confidential information.

66.     Plaintiff never consented to Pendrick's communication with anyone concerning the alleged Debt or concerning Plaintiff's personal and/or confidential information.

67.     Upon information and belief, Pendrick has utilized Affiliate for these purposes thousands of times.

68.     Pendrick utilizes Affiliate in this regard for the sole purpose of maximizing its profits.

69.     Pendrick utilizes Affiliate without regard to the propriety and privacy of the information which it discloses to Affiliate.

70.     Pendrick utilizes Affiliate with reckless disregard for the harm to Plaintiff and other consumers that could result from Pendrick's unauthorized disclosure of such private and sensitive information.

71.     Pendrick violated 15 U.S.C. § 1692c(b) when it disclosed information about Plaintiff's alleged Debt to Affiliate.

72.     15 U.S.C. § 1692f provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

73.     The unauthorized disclosure of a consumer's private and sensitive information is both unfair and unconscionable.

74.     Pendrick disclosed Plaintiff's private and sensitive information to Affiliate.

75.     Pendrick violated 15 U.S.C. § 1692c(b) when it disclosed information about Plaintiff's alleged Debt to Affiliate.

76.     For the foregoing reasons, Pendrick violated 15 U.S.C. §§ 1692c(b) and 1692f and is liable to Plaintiff therefor.

**SECOND COUNT**
**As to Affiliate**
**Violation of 15 U.S.C. § 1692c(b) and § 1692f**

77.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

78.     15 U.S.C. § 1692c(b) provides that, subject to several exceptions not applicable here, "a debt collector may not communicate, in connection with the collection of any debt," with anyone other than the consumer "without the prior consent of the consumer given directly to the debt collector."

79.     The third-party vendor utilized by Affiliate does not fall within any of the exceptions provided for in 15 U.S.C. § 1692c(b).

80.     Plaintiff never consented to Affiliate's communication with the third-party vendor concerning the alleged Debt.

81.     Plaintiff never consented to Affiliate's communication with the third-party vendor concerning Plaintiff's personal and/or confidential information.

82.     Plaintiff never consented to Affiliate's communication with anyone concerning the alleged Debt or concerning Plaintiff's personal and/or confidential information.

83.     Upon information and belief, Affiliate has utilized the third-party vendor for these purposes thousands of times.

84.     Affiliate utilizes the third-party vendor in this regard for the sole purpose of maximizing its profits.

85.     Affiliate utilizes the third-party vendor without regard to the propriety and privacy of the information which it discloses to the third-party vendor.

86.     Affiliate utilizes the third-party vendor with reckless disregard for the harm to Plaintiff and other consumers that could result from Affiliate's unauthorized disclosure of such private and sensitive information.

87.     Affiliate violated 15 U.S.C. § 1692c(b) when it disclosed information about Plaintiff's alleged Debt to the third-party vendor.

88.     15 U.S.C. § 1692f provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

89.     The unauthorized disclosure of a consumer's private and sensitive information is both unfair and unconscionable.

90.     Affiliate disclosed Plaintiff's private and sensitive information to the third-party vendor.

91.     Affiliate violated 15 U.S.C. § 1692c(b) when it disclosed information about Plaintiff's alleged Debt to the third-party vendor.

92.     For the foregoing reasons, Affiliate violated 15 U.S.C. §§ 1692c(b) and 1692f and is liable to Plaintiff therefor.

**THIRD COUNT**
**As to Both Defendants**
**Violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)**

93.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

94.     15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

95.     15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

96.     15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

97.     An allegation by a debt collector that a consumer owes a certain amount of money when the consumer does not that amount is a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

98.     As set forth in paragraphs 22 through 28 of this Complaint, Plaintiff did not owe the alleged Debt.

99.     As such, Defendants' allegation that Plaintiff owed the alleged Debt is a false,

deceptive, and/or misleading representation made in connection with the collection of the alleged

debt in violation of 15 U.S.C. § 1692e.

100.    Defendants' allegation that Plaintiff owed the alleged Debt is a false representation

of the character, amount, and/or legal status of the alleged debt in violation of 15 U.S.C. §

1692e(2)(A).

101.    Defendants' allegation that Plaintiff owed the alleged Debt is a false representation

made in an attempt to collect the alleged debt in violation of 15 U.S.C. § 1692e(10).

102.    For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A)

and 1692e(10) and are liable to Plaintiff therefor.

## CLASS ALLEGATIONS

103.    Plaintiff brings this action individually and as a class action on behalf of all

consumers similarly situated in the Suffolk County, New York.

104.    Plaintiff seeks to certify two classes of:

> i. All consumers where Pendrick sent information concerning the
> consumer's debt to Affiliate without obtaining the prior consent of the
> consumer, which disclosure was made on or after a date one year prior
> to the filing of this action to the present.

> ii. All consumers where Affiliate sent information concerning the
> consumer's debt to a third-party vendor without obtaining the prior
> consent of the consumer, which disclosure was made on or after a date
> one year prior to the filing of this action to the present.

105.    This action seeks a finding that Defendants' conduct violates the FDCPA and asks

that the Court award damages as authorized by 15 U.S.C. § 1692k.

106.    The Class consists of more than thirty-five persons.

107.    Plaintiff's claims are typical of the claims of the Class.  Common questions of law

or fact raised by this action affect all members of the Class and predominate over any individual

issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

108.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

109.    Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

**JURY DEMAND**

110.    Plaintiff hereby demands a trial of this action by jury.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests judgment be entered as follows:

    a.   Certifying this action as a class action; and

    b.   Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel; and

    c.   Finding Defendants' actions violate the FDCPA; and

    d.   Awarding damages to Plaintiff and the Class pursuant to 15 U.S.C. § 1692k; and

    e.   Awarding Plaintiff's attorneys' fees pursuant to 15 U.S.C. §

1692k, calculated on a "lodestar" basis; and

f.   Awarding the costs of this action to Plaintiff; and

g.   Awarding pre-judgment interest and post-judgment interest to Plaintiff; all together with

h.   Such other and further relief that the Court determines is just and proper.

DATED: June 23, 2021

**BARSHAY, RIZZO & LOPEZ, PLLC**

By:  s/ David M. Barshay
David M. Barshay, Esquire
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
Our File No.: BRL21251
*Attorneys for Plaintiff*